# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **STEVEN SEDLOCK** | **CIVIL ACTION NO. 08-233-LC** |
| **VS.** | **SECTION P** |
| **WARDEN HENDERSON, C. PAUL PHELPS CORRECTIONAL CENTER** | **JUDGE MINALDI** <br> **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on February 19, 2008, by pro se petitioner Steven Sedlock. Doc. 1. At the time of filing, petitioner was an inmate incarcerated at the C. Paul Phelps Correctional Center (CPP), DeQuincy, Louisiana. He was serving a two year sentence imposed following his conviction on charges of cruelty to a juvenile and simple battery in Louisiana's Thirty-Eighth Judicial District Court, Cameron Parish. On August 20, 2008, he was released from CPP on parole supervision.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

## STATEMENT OF THE CASE

The issue before the court is whether the petitioner timely filed his petition for writ of *habeas corpus*. In considering the issue, the court notes the following dates:

| DATE | EVENT |
|---|---|
| February 2, 2004 | Petitioner is convicted of one count of cruelty to a juvenile (a felony) and one count of simple battery (a misdemeanor) following a bench trial.[1] |

---

[1] Doc. 1, at 1-2.

| February 9, 2004 | Petitioner is sentenced to concurrent sentences of six months for the misdemeanor and two years for the felony.[2] |
| --- | --- |
| September 29, 2004 | The Third Circuit Court of Appeals affirms petitioner's conviction, but remands the case for further proceedings with regard to his sentence.[3] |
| December 16, 2004 | Petitioner is resentenced to concurrent sentences of six months for the misdemeanor and two years for the felony. One year of the sentence was suspended and petitioner was placed on one year supervised probation.[4] |
| February 25, 2005 | The Louisiana Supreme Court denies petitioner's application for certiorari.[5] |
| November 9, 2005 | The United States District Court for the Western District of Louisiana dismisses petitioner's petition for writ of *habeas corpus* for failure to exhaust state court remedies before filing.[6] |
| April 27, 2006 | Petitioner files a motion to quash his convictions in the Thirty-Eighth Judicial District Court.[7] |
| August 31, 2006 | The court interprets petitioner's motion to quash as a request for post conviction relief and dismisses the misdemeanor charge in light of double jeopardy principles.[8] |
| September 15, 2006 | Petitioner's application for supervisory/remedial writs to the Louisiana Supreme Court is denied at petitioner's request due to district court's August 31, 2006 action with regard to his motion to quash.[9] |
| September 29, 2006 | Petitioner's application for review is denied as moot in light of the district court's August 31, 2006 ruling.[10] |
| December 2, 2006 | Petitioner files Application for Post-Conviction Relief in Louisiana's Thirty-Eighth Judicial District Court, which is denied.[11] |
| March 16, 2007 | The Third Circuit Court of Appeal denies petitioner's |

---

[2] *Id.*

[3] *Louisiana v. Sedlock*, 882 So. 2d 1278 (La. App. 3 Cir. 9/29/2004).

[4] Doc. 4, at 1.

[5] *Louisiana v. Sedlock*, 894 So.2d 1131 (La. 2005).

[6] *Sedlock v. Rogers*, No. 2:05-cv-1030, 2005 WL 2218318 (W.D. La. Sept. 08, 2005).

[7] Doc. 1, at 7.

[8] *Louisiana v. Sedlock*, No. 111122-23 (38 Jud. Dist. Ct. 8/31/06).

[9] *State ex rel. Sedlock v. Louisiana*, 936 So.2d 1265 (La. 2006).

[10] *Louisiana v. Sedlock*, No. KH 06-813 (La. App. 3 Cir. 9/29/2006). Apparently, the district court initially denied petitioner's motion to quash on May 25, 2006, but re-ruled on the motion on August 31, 2006. Doc. 1, at 6-7. It appears that between the rulings, petitioner attempted to appeal the original ruling to Louisiana's Third Circuit Court of Appeal. By the time that the appeal court ruled on the motion, however, the trial court had issued its new ruling. Therefore, the appeal court found the request for review moot. *Sedlock*, No. KH 06-813

[11] Doc. 1, at 5.

|                    | request for review.[12]                                           |
|--------------------|-------------------------------------------------------------------|
| January 25, 2008   | The Supreme Court of Louisiana denies petitioner's request of review.[13] |
| February 19, 2008  | Petitioner's *habeas corpus* petition that forms the basis of this proceeding is filed.[14] |

## **LAW AND ANALYSIS**

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the AEDPA, including its timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468-69 (5th Cir. 1999). According to the AEDPA, 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for the filing of a petition for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A).[15]

The tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d at 472 (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998)). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326, 328-29 (5th Cir. 1999).

In accordance with the above, to accurately consider the timeliness of the instant petition under § 2244(d)(1)(A), four dates are necessary: (1) the date upon which the judgment of conviction and sentence became final; (2) the dates upon which any applications for post-conviction or other

---

[12] *Id.*
[13] *State ex rel. Sedlock v. State*, 973 So.2d 748 (La. 2008).
[14] Doc. 1.
[15] Petitioner does not suggest, nor do the pleadings imply, that the period of limitation should be calculated based on any of the other events described in subsections (B), (C), or (D) of § 2244(d)(1).

collateral relief were properly filed; (3) the date upon which these applications for post-conviction or other collateral relief ceased to be properly filed; and, (4) the date upon which the federal *habeas corpus* petition was filed.

Petitioner appealed his conviction to the Third Circuit Court of Appeal. When the court affirmed his conviction he sought further direct review in Louisiana's Supreme Court. That court denied relief on February 25, 2005. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" under 28 U.S.C. § 2244(d)(1)(A), ninety days after the Louisiana Supreme Court denied his petition, or on or about May 25, 2005, the last day on which he could have filed a petition for a writ of certiorari in the United States Supreme Court. Sup. Ct. R. 13; *see also Ott v. Johnson*, 192 F.3d 510, 513 (1999). Under 28 U.S.C. § 2244(d)(1) he had one year, or until May 25, 2006 to file his federal habeas petition.

However, petitioner's next filing was eleven months later, namely a motion to quash filed in state court on April 27, 2006. Thus, in keeping with the time period outlined above, at the time the motion to quash was filed, approximately one month remained of petitioner's one year limitations under 28 U.S.C. § 2244(d)(1). This motion was disposed of by the trial court on August 31, 2006 and pending before any appeal court until September 29, 2006 at the latest. Assuming that the time that the motion to quash was pending tolled the limitations period, petitioner had one month remaining of the year limitations period in which to file his federal habeas petition. Rather than do so, petitioner then filed for post conviction relief on December 2, 2006, some two months later. Thus, by the time this application was filed, the AEDPA limitations period had already expired. *Villegas,* 184 F.3d at 472 (citing *Flanagan*, 154 F.3d at 199 n.1).

Further, the court finds no reason to apply the doctrine of equitable tolling in the instant case. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder v.*

*Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  A "garden variety" claim of excusable neglect is not a sufficient basis for equitable tolling.  *Coleman v. Johnson*, 184 F.3d 398, 402 (1999).  Moreover, even attorney error or neglect is not such an extraordinary circumstance so as to justify the application of equitable tolling.  *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002).  This is so even in cases where a petitioner is harmed by the actions or inactions of his counsel.  *Id.*  Finally, with regard to a pro se litigant, "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations." *United States v. Petty*, 530 F.3d 361, 366 (2008) (citing *Felder*, 204 F.3d at 171-72).

It is petitioner's burden to establish that equitable tolling is appropriate.  *Id.* at 365. However, petitioner's pleadings fail to present any "rare and exceptional circumstances" warranting application of the doctrine.  *Id.* (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998)). Additionally, petitioner has not shown "'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion." *Id.* (quoting *Lawrence v. Florida*, --- U.S. ----, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007)).

In short, petitioner's petition for writ of *habeas corpus* is barred by the provisions of § 2244(d)(1)(A) and dismissal on that basis is appropriate.[16]

---

[16] Petitioner was advised of the limitations period in this court's report and recommendation adopted by the district court in *Sedlock v. Rogers*, No. 2005 WL 2218318 (W.D. La. Sept. 08, 2005), which dismissed petitioner's previous § 2254 *habeas corpus* petition. Specifically, the court stated,

> "petitioner is hereby advised that the federal *habeas corpus* statutes impose a one-year statute of limitations for filing *habeas corpus* petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to any subsequent petition that petitioner files in this court.  Petitioner is further advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001)."

*Sedlock*, 2005 WL 2218318, at *3.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 2nd day of April, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE